954 F.Supp. 195 (1997)
UNITED STATES of America ex rel. I.B.E.W., AFL-CIO, LOCAL UNION NO. 217, et al., Plaintiffs,
v.
G.E. CHEN CONSTRUCTION, INC., et al., Defendants.
No. C-96-2341 EFL.
United States District Court, N.D. California.
January 29, 1997.
*196 Lora Jo Foo, Laura Ho, Asian Law Caucus, Inc., San Francisco, CA, Victor Van Bourg, Van Bourg, Weinberg, Roger & Rosenfeld, Oakland, CA, for Plaintiffs.
Mark R. Thierman, San Francisco, CA, Gerald P. Dodson, Arnold, White & Durkee, Palo Alto, CA, for Defendants.

ORDER
LYNCH, District Judge.

I. INTRODUCTION
Plaintiffs in this action are the Carpenters Union Local No. 217 ("Union") and Bo Lian Zhu, Xi Rong Zhu, and Xi Feng Zhu. They have brought this qui tam suit against G.E. Chen Construction and Chun Yi Chen. Counts One and Two of the complaint are brought under the False Claims Act, 31 U.S.C. § 3729, ("FCA"); Count Three was brought under the California False Claims Act, Cal. Govt. Code § 12650 et seq. The remaining causes of action allege various state law violations.
Defendants filed a motion to dismiss the state and federal FCA counts. The matter came on for hearing on January 24, 1997, with all parties represented by counsel.

II. DISCUSSION

A. Standard of Review

Defendants have moved to dismiss plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(1) and (6). In reviewing a motion to dismiss, the Court considers the allegations contained in the complaint and exhibits attached to the complaint. See, e.g., Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). The *197 complaint is construed in the light most favorable to plaintiffs, and the allegations of the complaint are taken as true. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court reviews defendants' motions under this standard.

B. Misclassification Claims

Plaintiffs' complaint contains a number of allegations relating to defendants' conduct with respect to federally funded Airport Noise Insulation Project contracts. Plaintiffs allege that defendants made false claims for payment and prepared false records in the following ways: (1) misrepresenting the actual wages paid to workers; (2) directing its employees to lie to government inspectors about their hourly wages and the hours they worked; (3) underreporting the number of hours worked by employee; (4) misclassifying the crafts performed by each worker; (5) failing to pay the overtime premium rate; (6) failing to issue paychecks; and (7) preparing false payroll certifications.
Defendants move to dismiss Counts One through Three, arguing that the Court lacks subject matter jurisdiction over plaintiffs' claims. Defendants cite United States ex rel. Windsor v. DynCorp. Inc., 895 F.Supp. 844 (E.D.Va.1995). In that case, the court carefully examined allegations that DynCorp submitted false claims when it misclassified the crafts performed by its employees and held that these allegations could not form the basis of an FCA case. "[I]t is impossible to determine whether DynCorp submitted a false claim to the government without first determining whether DynCorp actually misclassified an employee in a given instance. And, the responsibility for resolving such disputes rests not with the courts, but with the Department of Labor." Id. at 851. Pursuant to the Davis-Bacon Act, 40 U.S.C. § 276a, disputes regarding misclassification are committed solely to the Department of Labor. Id. DynCorp held that permitting claims regarding misclassification
to go to a jury would result in bypassing the carefully crafted administrative scheme for resolving Davis-Bacon Act classification disputes. Contrary to this scheme, a jury, not the agency, would listen to testimony of employees regarding the work they performed on various dates and then determine the appropriate classification for any given task by reference to the Department of Labor's complex classification.
Id. at 852. DynCorp therefore concluded that "the Department of Labor has sole responsibility for resolving classification disputes under the Davis-Bacon Act." Id.
This Court finds the DynCorp decision both well-reasoned and persuasive. The Court therefore finds that to the extent that plaintiffs' FCA claims are based on allegations that defendants misclassified employees, it lacks jurisdiction to decide those claims. Instead, those claims must be brought to the Department of Labor. However, it is an open question as to whether plaintiffs can bring FCA claims based on misclassification after they have exhausted the Department of Labor's remedies. The Court does not decide that question here, but instead will dismiss plaintiffs' allegations regarding misclassification without prejudice.
However, in addition to alleging misclassification, plaintiffs additionally claim that defendants submitted false claims and false records in that they misreported the wages they actually paid workers, underreported hours worked, failed to pay workers overtime, failed to issue paychecks, directed workers to lie to government inspectors, and prepared false payroll certifications. These allegations do not depend on any determination of the proper classification of workers, and therefore are not within the sole jurisdiction of the Department of Labor.
Where the contractor's statement may be determined to be false without regard to complex Davis-Bacon Act classification regulations, then a Davis-Bacon Act violation may form the basis of an FCA suit. That is, where the "falsity" of the false statement is not dependent on interpretation and application of those regulations, the current obstacle to FCA liability disappears. For example, if ... a contractor misrepresents the wages actually paid to its employees or lies about the frequency with which they receive wages, an FCA action may be viable. *198 DynCorp, 895 F.Supp. at 852. Plaintiffs have made just such allegations here, and there is no basis for dismissing these allegations.
Accordingly, the Court will dismiss without prejudice plaintiffs' allegations regarding misclassification, but will otherwise deny defendants' motion to dismiss on this basis.

C. Public Disclosure

Defendants also seek the dismissal of the Union, arguing that the Union is not an "original source" of the information in the complaint and thus barred by the FCA. Defendants allege that the information in the complaint has been publicly disclosed, and that the Union must therefore be an original source in order to bring this action.
Title 31 U.S.C. § 3730(e)(4)(A) provides:
No Court shall have jurisdiction over an action based upon the public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative, or Governmental Accounting Office report, hearing, audit, or investigation, or from the news media, unless ... the person bringing the action is an original source of the information.
Section 3730(e)(4)(B) defines an original source as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action."
The Ninth Circuit has held that in order for this section's jurisdictional bar to be invoked, (1) there must have been a "public disclosure" (2) of "allegations or transactions" (3) in a "criminal, civil or administrative hearing, in a congressional, administrative, or Governmental Accounting Office report, hearing, audit, or investigation, or from the news media" (4) and the relator's action must be "based upon" that public disclosure. United States ex rel. Lindenthal v. General Dynamics Corp., 61 F.3d 1402, 1409 (9th Cir.1995). Only when all these criteria are met must the Court determine whether a plaintiff is an original source. Id.
Defendants contend that 31 U.S.C. § 3730(e)(4)(A) should be given a broad reading, citing United States ex rel. Stinson, Lyons, et al. v. Prudential Ins. Co., 944 F.2d 1149 (3d Cir.1991). In that case, the Third Circuit found that information disclosed in discovery in a civil action was publicly disclosed because it was potentially accessible to the public. However, the Ninth Circuit rejected this holding and found that public disclosure required actual rather than merely theoretical disclosure. United States ex rel. Schumer v. Hughes Aircraft, 63 F.3d 1512, 1520 (9th Cir.1995). Furthermore, in Lindenthal, 61 F.3d at 1409, the Ninth Circuit held that each of the elements in § 3730(e)(4)(A) must be present in order to trigger the jurisdictional bar. This suggests that the Ninth Circuit would narrowly construe the statute to require that the disclosure occur in one of the avenues delimited in the statutenamely, in "a criminal, civil or administrative hearing, in a congressional, administrative, or Governmental Accounting office report, hearing, audit, or investigation, or from the news media." This Court agrees with the Eleventh Circuit that:
[T]he methods of "public disclosure" set forth in section 3730(e)(4)(A) are exclusive of the types of public disclosure that would defeat jurisdiction' under that section. The list of methods of "public disclosure" is specific and is not qualified by words that would indicate that they are only examples of the types of "public disclosure" to which the jurisdictional bar would apply. Congress could easily have used "such as" or "for example" to indicate that its list was not exhaustive. Because it did not, however, we will not give the statute broader effect than that which appears in its plain language.
United States ex rel. Williams v. NEC Corp., 931 F.2d 1493, 1499-1500 (11th Cir.1991). See also, United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1518 (10th Cir.1996); United States ex rel. Fine v. MK-Ferguson Co., 861 F.Supp. 1544, 1550 (D.N.M.1994).
The Court finds that there has been no public disclosure within the meaning of 31 U.S.C. § 3730(e)(4)(A). Defendants argue *199 that since the Union sought defendants' certified payroll records through California Labor Code § 1776(b)(3), there has been a public disclosure. However, these records were not disclosed in "a criminal, civil or administrative hearing, in a congressional, administrative, or Governmental Accounting Office report, hearing, audit, or investigation, or from the news media." The fact that the Union got access to this information is irrelevant unless the allegations or transactions were publicly disclosed in one of the specified means. Williams, 931 F.2d at 1499-1500.
Defendants also argue that an exchange of letters between counsel for the Union and the City and County of San Francisco and the City of South San Francisco constitutes a public disclosure. However, private letters do not constitute a public disclosure within the meaning of the statute. Lindenthal, 61 F.3d at 1410. See also, Hindo v. University of Health Sciences/The Chicago Medical School, 65 F.3d 608, 613 (7th Cir.1995) (holding letter between two private parties was not a public disclosure within the meaning of § 3730(e)(4)(A)).
Because there was no public disclosure, the Court need not reach the question of whether the Union is an original source within the meaning of § 3730(e)(4)(B). Wang v. FMC, 975 F.2d 1412, 1416 (9th Cir.1992) ("Where there has been no `public disclosure' within the meaning of section 3730(e)(4)(A), there is no need for a qui tam plaintiff to show that he is the `original source' of the information."). Therefore, defendants' motion to dismiss the Union must be denied.

III. CONCLUSION
For the foregoing reasons and for good cause shown, IT IS HEREBY ORDERED as follows:
(1) Defendants' motion to dismiss Counts One, Two, and Three is GRANTED IN PART AND DENIED IN PART. To the extent that plaintiffs are alleging misclassification of workers, those allegations are DISMISSED WITHOUT PREJUDICE. No other allegations or claims are dismissed.
(2) Defendants' motion to dismiss the Union is DENIED.
IT IS SO ORDERED.