**INTERNATIONAL BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, LOCAL UNION NO. 217; et al., Plaintiffs–Appellees,**

v.

**G.E. CHEN CONSTRUCTION, INC., a corporation; et al., Defendants–Appellants.**

**United States of America, ex rel; et al., Plaintiffs–Appellees,**

v.

**G.E. Chen Construction, Inc., a corporation; et al., Defendants–Appellants.**

**Nos. 03–17379, 04–16013.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2005.

Decided May 27, 2005.

---

Kleinfeld, J., concurred in part and dissented in part, and filed opinion.

Joannie C. Chang, Esq., Asian Law Caucus, San Francisco, CA, Blythe Mickelson, Esq., Roberta Perkins, Weinberg, Roger & Rosenfeld, Alameda, CA, for Plaintiffs—Appellees.

**38**

Mark R. Thierman, Esq., Micheline Fairbank, Esq., Thierman Law Firm, Reno, NV, for Defendants—Appellants.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM *

■ The district court did not err by denying the defendant attorneys' fees. Although the defendant did defeat the plaintiffs' False Claims Act claims, the plaintiffs established all of the elements of the claim except scienter. Therefore, under 31 U.S.C. § 3730(d)(4), the claims were not "clearly frivolous, clearly vexatious or brought primarily for purposes of harassment." [1] Nor can the defendant rely on the more lenient standard of 31 U.S.C. § 3730(g), because it only applies when the United States actually brings the action.[2]

■ The district court also did not err in denying attorneys' fees to the defendant under the California Labor Code. Defendants sought attorneys' fees only against the Union. The Union pursued only the False Claims Act claims. It was only the individual plaintiffs who alleged California Labor Code violations. The defendant cannot win attorneys' fees against the Union under the California Labor Code because the Union did not bring claims against the defendant under the Labor Code.

■ The district court did not err in awarding overtime wages to the plaintiffs under the Fair Labor Standards Act, despite the absence of written consent to sue. The successful plaintiffs sued for the FLSA relief as individuals on their own behalf. Title 29 U.S.C. § 216(b) requires written consent to be filed where the action is also on behalf of "other employees similarly situated." Because this action was not brought on behalf of "other employees similarly situated," written consent filings were not required.

■ The work classification claim was also properly before the district court. The district court initially dismissed the False Claims Act claims without prejudice because they were based on allegations of misclassification of employees, which must first be raised to the Department of Labor.[3] After the dismissal, the plaintiffs presented the question of the proper classification to the Department of Labor and California Division of Labor Standards Enforcement. The parties then stipulated that the plaintiffs could refile their first amended complaint to reallege the misclassification of workers. The district court's earlier dismissal without prejudice did not strip it of jurisdiction to hear claims based on allegations of misclassification.

Nor did the district court lack jurisdiction because the contracting agency accepted the defendant's classification. The contract stated "An error on the part of the awarding body does not relieve the contractor from responsibility of payment of the prevailing rate of per diem wages and penalties pursuant to Labor Code §§ 1770–1775." This contractual provision

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 31 U.S.C. § 3730(d)(4).

2. *See* 28 U.S.C. § 2412(d).

3. *United States. ex rel. I.B.EW., et al. v. G.E. Chen Constr. Inc.,* 954 F.Supp. 195 (N.D.Cal. 1997).

did not entitle the defendant to rely on the contracting agency's acceptance of the defendant's classification. A contracting agency's acceptance of a contractor's classification does not have the same protective effect as an agency setting a wage rate and mandating that certain classifications be used, as occurred in *Universities Research Association v. Coutu.*[4] *Coutu* does not apply here because the contracting agency did not set forth mandatory work classifications that the defendant then followed.

■ The district court did not abuse its discretion in awarding $208,173.08 in attorneys' fees. Plaintiffs recovered a total of $47,993.48, not only $7,897 in unpaid compensation under the FLSA. The district court carefully considered the interrelationship between the successful and unsuccessful claims and reduced the fee requested by 67%. The court expressly and reasonably applied all the factors required by the Supreme Court in *Hensley v. Eckerhart*[5] and, "[i]n light of its experience with this case" permissibly found the fee award to be reasonable. We see no abuse of discretion.

The individual plaintiffs are entitled to both costs and reasonable attorneys' fee on appeal pursuant to 29 U.S.C. § 216(b). The union plaintiff is entitled only to costs.

AFFIRMED, VACATED in part, and REMANDED.

KLEINFELD, Circuit Judge, concurring in part and dissenting in part.

I concur, except as to the amount of the attorneys' fees award. As to the amount, I respectfully dissent.

The only recovery for which the district court awarded attorneys' fees was the FLSA award. That award was $7,897. Plaintiffs' lawyers' "time, to be compensated in an award, must be 'reasonable in relation to the success achieved.'"[1] In this case it was not, either in relation to the $7,897, or even to the entire award of $47,993. The $836,143 lodestar amount request by the plaintiffs' lawyers was unreasonable relative to what they won for their clients. It was reasonable relative to the $6,750,000 award they sought, but insofar as this was its purpose, the lawsuit was a failure and they were not prevailing parties. The district court stated expressly that the $7,897 FLSA recovery was the recovery the plaintiffs sought attorneys' fees for, but made no attempt to relate the extent of the plaintiffs' very limited success to the amount of the fee award. The failure to relate the $7,897 extent of success to the fee award is an abuse of discretion under *McGinnis v. Kentucky Fried Chicken*[2] and *Dannenberg v. Valadez.*[3] Awarding $208,173 in attorneys' fees for obtaining a $7,897 judgment violates *Hensley v. Eckerhart.*[4] It also creates a perverse incentive. An award like this—26 times as much money for the lawyers as for the clients—is an inducement for the lawyers to pursue their own interests or

**4.** *Univs. Research Ass'n v. Coutu*, 450 U.S. 754, 756–65, 767–68, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981).

**5.** *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

**1.** *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir.1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

**2.** *McGinnis*, 51 F.3d at 808–10.

**3.** *Dannenberg v. Valadez*, 338 F.3d 1070, 1075–76 (9th Cir.2003).

**4.** *Hensley*, 461 U.S. at 433–37, 103 S.Ct. 1933.

the interests of a bigger client, such as the union, instead of the interests of these impecunious laborers for whom compensation probably could have been quickly obtained with a settlement. Paying the lawyers 26 times what their clients win makes a mockery of a system in which lawyers are supposed to serve their clients, not use them.

Marivic P. David, Assistant U.S. Attorney, U.S. Attorney's Office, Hagatna, GU, for Plaintiff–Appellant.